UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA PEREZ,

    Plaintiff,

  v.

EQUIFAX INFORMATION
SERVICES LLC

    Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANA PEREZ (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES LLC, (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## **PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax, Trans Union.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Pinellas County in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Upon information and believe, Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Under information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

12. In 2020, Plaintiff purchased a 2020 Toyota Corolla (Vin #JTDEPRAE4LJ073693).

13. Plaintiff made ever single payment on time through July 8, 2022.

14. On July 8, 2022, Plaintiff visited AutoNation Toyota Pinellas Park ("AutoNation) in Pinellas Park, Florida and purchased a 2022 Toyota Corolla (Vin #JTDEPMAE2N3024910) through AutoNation.

15. During the purchasing process, Plaintiff traded in her vehicle, 2020 Toyota Corolla (Vin # JTDEPRAE4LJ073693).

16. Subsequently, Plaintiff received a letter from the auto loan creditor, American Credit Acceptance stating that the loan for her 2020 Toyota Corolla (Vin # JTDEPRAE4LJ073693), partial account number ending in 6109 was paid in full.

17. After the successful trade-in, Plaintiff received a letter from Capital One dated October 24, 2022, that she has defaulted on her vehicle, 2020 Toyota Corolla (Vin # JTDEPRAE4LJ073693) and she may be referred for repossession.

18. Plaintiff never opened an auto loan with Capital One.

19. On November 3, 2022, Plaintiff pulled her Equifax credit report (2807212960). Upon review, Plaintiff became aware that there was a Capital One Auto Finance partial account number xxxxxxxxxxxxx1001 being reported as "NOT_MORE_THAN_TWO_PAYMENTS_PAST_DUE".

20. Given the letter from Capital One and her Equifax credit report, on November 15, 2022, Plaintiff mailed a very detailed written dispute letter to Equifax explaining that she never opened an account with Capital One and traded-in the very vehicle they were reporting her delinquent on. Plaintiff included images

of her AutoNation Retail Installment Sale Contract demonstrating the trade-in of the 2020 Toyota Corolla. Additionally, Plaintiff provided Equifax with the American Credit Acceptance loan payoff letter, images of her Equifax credit report and other relevant documentation. In the aforementioned dispute letter, Plaintiff provided a copy of her driver's license, and health insurance cards as proof of her identity.

21.     Plaintiff mailed the dispute letter via USPS Priority Mail to Equifax (9405509109375501332472).

22.     On November 29, 2022, Equifax responded (2329514127) to Plaintiff's disputed Capital One partial account number xxxxxxxxxxxxx1001 by stating, "WE VERIFIED THAT THIS ITEM BELONGS TO YOU".

23.     As a result of the inaccurate reporting, Plaintiff again on January 9, 2023, mailed another detailed written dispute to Equifax concerning the inaccurate account being reported. Plaintiff reiterated to Equifax that she never opened an auto loan with Capital One and traded-in her 2020 Toyota Corolla when purchasing a new vehicle at AutoNation. Plaintiff again provided Equifax with the American Credit Acceptance loan payoff letter, images of her Equifax credit report, Equifax dispute results, and other relevant documentation. In the aforementioned dispute letter, Plaintiff again provided a copy of her driver's license, and health insurance cards as proof of her identity.

24. Plaintiff mailed her detailed dispute letter to Equifax via USPS Priority Mail 9405509109375501710928.

25. As of the filing of this Complaint, Plaintiff has not received the results of the latest dispute.

26. Plaintiff obtained her Equifax credit report (3510170603) dated January 10, 2023, and Equifax continues to report the negative information on Plaintiff's credit report. The Capital One account xxxxxxxxxxxxx1001 is reporting negatively with "NOT_MORE_THAN_FOUR_PAYMENTS_PAST_DUE" with a reported balance of $22,556.

27. Equifax has never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of this Complaint with Equifax's reluctance to conduct a thorough investigation.

28. Equifax simply continues to parrot off the back of the furnisher and has not conducted an actual independent investigation despite Plaintiff's many pleas.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i. Monies lost by attempting to fix her credit;

      ii. Loss of time attempting to cure the errors;

      iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

      iv. Reduction in credit score;

      v. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
## Violations of the Fair Credit Reporting Act as to Equifax Information Services LLC

30. Plaintiffs re-allege and reincorporate paragraphs one through twenty-nine above.

31. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. Equifax allowed for Capital One to report inaccurate information on an account. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

32. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

33. Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Equifax, to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 1681Ii- As to
### Defendant, Equifax Information Services LLC

35. Plaintiffs re-allege and reincorporate paragraphs one through twenty-nine above.

36. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is

unreliable. Despite the abundant amount of documentation produced by Plaintiff demonstrating the inaccuracy, Equifax refuses to do any independent investigation.

37. Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

38. Equifax took no independent action to investigate the dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Capital One.

39. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Equifax, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 11th day of January 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Jason@theconsumerlawyers.com
*Attorney for Plaintiff*